**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JACQUE L. KNIGHT, et al.,

    Plaintiffs,

    v.

UNITED STATES,

    Defendant.

NO. 3:08-CV-1976

(JUDGE CAPUTO)

### MEMORANDUM

Presently before the Court is the Partial Motion to Dismiss of the United States. (Doc. 4.) The United States argues that several claims should be dismissed from Plaintiffs' complaint for lack of subject matter jurisdiction based on Plaintiffs' failure to exhaust their administrative remedies. For the reasons state below, the Court will grant Defendant's motion and dismiss Counts II and III of the complaint. The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1346.

### BACKGROUND

Plaintiffs Jacque and John Knight bring this action individually and on behalf of their child, the minor-Plaintiff John Knight, II. They allege negligent treatment provided by employees of a Federally Qualified Health Center, including negligent pre-natal care and negligent delivery of the minor-Plaintiff.

Plaintiffs raise three (3) Counts in their complaint. Count I raises a claim by Jacque and John Knight as parents and natural guardians of the minor-Plaintiff for injuries sustained by the latter. Count II raises a claim by Jacque Knight, individually, for her injuries. Count

III raises a claim by Jacque and John Knight, individually, for financial injury suffered as a result of the negligent care provided to the minor-Plaintiff.

Plaintiffs filed their complaint on October 30, 2008. (Doc. 1.) Defendant United States filed the instant partial motion to dismiss on January 16, 2009. (Doc. 2.) The United States moves that Count II and at least part of Count III should be dismissed for lack of subject matter jurisdiction because Plaintiffs failed to exhaust their administrative remedies, as required by 28 U.S.C. § 2675(a). The motion has been fully briefed and is ripe for disposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action where the court lacks jurisdiction over the subject matter of that action. FED. R. CIV. P. 12(b)(1). A defendant may challenge the existence of subject matter jurisdiction in two fashions. *See Mortensen v. First Fed. Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Where a defendant attacks the complaint as deficient on its face, the Court must assume that "the allegations contained in the complaint are true." *Id.* In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and "undisputably authentic" documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss. *Hunter v. United States*, No. 00-cv-0036, 2000 U.S. Dist. LEXIS 20206, at *7 (M.D. Pa. Dec. 15, 2000). *See generally*

*Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993).

However, when the motion to dismiss attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to the allegation included in the plaintiff's complaint. *Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (quoting *Mortensen*, 549 F.2d at 891). Thus, the Court may weigh all of the available evidence to satisfy itself that subject matter jurisdiction indeed exists. *Id.* It is important to note also that the existence of disputed material facts will not preclude the Court from evaluating the jurisdictional allegations set forth in the complaint. *Gould Elecs., Inc. V. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

In instant motion presents a factual attack on jurisdiction because Defendant's challenge does not concern an alleged pleading deficiency, but Plaintiffs' failure to comport with the jurisdictional requirements of the FTCA. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

**DISCUSSION**

Plaintiffs' action implicates the Federal Tort Claims Act ("FTCA"), the exclusive remedy for an individual asserting a personal injury claim for the act or omission of a federal employee acting within the scope of his or her employment.[1] The FTCA requires

---

[1] 28 U.S.C. § 2679(b)(1) provides:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while

3

that a Plaintiff exhaust his or her administrative remedies prior to initiating suit against the United States. 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency....

"The statutory language is clear that a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely." *Wilder v. Luzinski*, 123 F. Supp. 2d 312, 313 (E.D. Pa. 2000) (citing *McNeil v. United States,* 508 U.S. 106, 111 (1993); *Wujick v. Dale & Dale, Inc.*, 43 F.3d 790, 793-94 (3d Cir. 1994) (noting that administrative exhaustion under FTCA is mandatory and that the U.S. Supreme Court "firmly rejected" the "no harm, no foul" reasoning)).

The United States argues that Plaintiffs failed to exhaust their administrative remedies as to Counts II and III of the complaint. It concedes that Plaintiffs afforded the Government notice of their claim on behalf of the minor-Plaintiff, but failed to do so for the parents' individual claims. The United States submits a copy of Plaintiffs' administrative claim for injuries to the minor-Plaintiff, filed with the U.S. Department of Health and Human Services ("the Department"). Plaintiffs respond by submitting a copy of the same claim, filed with the

---

> acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

4

Department, as evidence that they did fulfill the requirements of 28 U.S.C. § 2675(a) as to all Counts.

An examination of Plaintiffs' administrative filing makes plain that the only claim it presents to the Department is that of the minor-Plaintiff. It reads:

> **Claimants: Jacque L. Knight & John N. Knight as Parents and Natural Guardians of Minor-Plaintiff, John N. Knight, II**
> 8. Basis of Claim
> Plaintiff, Jacque L. Knight is the parent and natural guardian of Minor-Plaintiff, John N. Knight, II. Ms. Knight, along with her husband, Plaintiff, John N. Knight, has filed this action on behalf of their son for injuries sustained as a result of the negligent pre-natal care and delivery of her son by the staff of Defendant....
>
> ...
>
> 10. Nature and Extent of Injury
> As a result of the careless and negligent conduct of Defendants ... Minor-Plaintiff, John N. Knight, II suffered injuries and damages....

(Pls.' Br. in Opp'n, Ex. A, Doc. 6.) The administrative claim does not identify the parents as individual plaintiffs, nor does it raise the individual injuries alleged in Counts II and III of the complaint.

Plaintiffs were required to exhaust their administrative remedies as to each of their claims. *Gland v. United States*, No. 03-cv-1697, 2003 U.S. Dist. LEXIS 23894, at *2 (E.D. Pa. Dec. 16, 2003) (citing *Danowski v. United States*, 924 F. Supp. 661, 665 (D.N.J. 1996)). Because Plaintiffs have failed to do so as to Counts II and III, which raise claims by Plaintiff parents for individual injuries, the Court lacks jurisdiction to entertain them. Therefore, the Court must dismiss these Counts.[2]

---

[2] The Court notes that the United States moved to dismiss the Count III claim raised by Plaintiff mother, but not Plaintiff father. However, as the

**CONCLUSION**

For the foregoing reasons, the Court will grant the United States' Partial Motion to Dismiss (Doc. 4) and will dismiss Counts II and III of Plaintiffs' Complaint (Doc. 1) for lack of subject matter jurisdiction. An appropriate Order follows.


May 19, 2009                                    /s/ A. Richard Caputo
Date                                            A. Richard Caputo
                                                United States District Judge

---

Court concludes both parents failed to exhaust administrative remedies as to their individual claims, it may entertain neither claim presented in Count III and must dismiss the claim in its entirety.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUE L. KNIGHT, et al., | NO. 3:08-CV-1976 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| UNITED STATES, | |
| Defendant. | |

## ORDER

**NOW**, this __19th__ day of May, 2009, **IT IS HEREBY ORDERED** that:

(1) Defendant United States' Partial Motion to Dismiss (Doc. 4) is **GRANTED.**

(2) Count II and Count III of Plaintiffs' Complaint (Doc. 1) are **DISMISSED without prejudice.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge