# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JACQUE L. KNIGHT, et al.,

    Plaintiffs,

    v.

UNITED STATES,

    Defendant.

NO. 1:08-cv-1976

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

Presently before the Court is Plaintiffs' Motion for Reconsideration of the Court's May 19, 2009 Memorandum and Order dismissing Counts II and III of Plaintiffs' complaint. (Doc. 11.) Plaintiffs move the Court to reconsider its dismissal of Count III as it pertains to minor-Plaintiff John Knight, II.

Plaintiffs Jacque and John Knight bring this action individually and on behalf of their child, the minor-Plaintiff John Knight, II. They allege negligent treatment provided by employees of a Federally Qualified Health Center, including negligent pre-natal care and negligent delivery of the minor-Plaintiff.

Plaintiffs filed their complaint on October 30, 2008, raising three (3) Counts. (Doc. 1.) Defendant United States thereafter filed a partial motion to dismiss, arguing that the individual claims of Plaintiff Jacque Knight were not properly exhausted, as required by the Federal Tort Claims Act. (Docs. 4, 5.) The Government conceded that the claims of the minor-Plaintiff were properly exhausted. (*Id*.)

On May 19, 2009, the Court entered a Memorandum and Order, dismissing Counts II and III of the complaint. (Doc. 10.) The Court agreed that only the claims of the minor-

Plaintiff were exhausted.  The Court therefore dismissed the individual claim raised by Plaintiff Jacque Knight in Count II and also dismissed Count III on the understanding that it raised a claim by both parents in their individual capacities alone.

Plaintiffs filed the present motion for reconsideration on May 28, 2009.  (Doc. 11.)  They argue that Count III includes a claim by the parent-Plaintiffs on behalf of the minor-Plaintiff for the latter's future medical expenses.  Because the parties agree that the minor-Plaintiffs' claims have been properly exhausted, Plaintiffs move to reinstate Count III as to his claim.  The Government concurs in the motion.  (Doc. 16.)

Because both parties appear to agree that the Court erred in its reading of Count III and agree that Count III includes a claim by Plaintiffs on behalf of the minor-Plaintiff for his future medical expenses, it is appropriate to grant the motion for reconsideration.  *See Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (a judgment may be altered or amended if the party seeking reconsideration establishes the need to correct a clear error of law or fact).  The Court will therefore grant Plaintiffs' motion.

**NOW**, this  16th   day of July, 2009 **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (Doc. 11)  is **GRANTED**.  **IT IS FURTHERED ORDERED** that this Court's Order dated May 19, 2009 is modified so as to **REINSTATE** Count III of Plaintiff's complaint as it pertains to minor-Plaintiff John Knight, II.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge