# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACQUE L. KNIGHT and JOHN N. KNIGHT, individually and as parents and natural guardians of JOHN N. KNIGHT, II, a minor, | CIVIL ACTION NO. 1:08-CV-1976 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| UNITED STATES, | |
| Defendant. | |

## **MEMORANDUM**

Before the Court is plaintiffs' motion for disbursement of funds. (Doc. No. 48.) Because the Court has no subject matter jurisdiction over the action, the motion will be denied and the Court's orders following the April 22, 2010 dismissal (Docs. No. 35, 44, 49, 50) will be vacated.

### Background

On April 22, 2010 this Court issued an order that read in pertinent part as follows:

> [C]ounsel having reported to the Court that the above case has been settled, IT IS HEREBY ORDERED that this case is dismissed without costs and without prejudice to the right of any party, upon good cause shown, to reinstate the action within sixty (60) days of the date of this Order if settlement is not consummated.

(Doc. No. 33.) The settlement appears to have been consummated; the plaintiffs represent that the United States tendered full payment pursuant to the agreement. (Doc. No. 41.)

1

**Analysis**

In *Shaffer v. GTE North*, the Third Circuit Court of Appeals confronted a dismissal order similar to the one issued in this case. 284 F.3d 500 (2002). The underlying litigation in *Shaffer* involved a wrongful discharge claim brought by Ms. Shaffer against GTE North, Inc., her employer. *Id* at 501. All counts of the complaint were dismissed on summary judgment except Ms. Shaffer's gender-based disparate treatment claim. *Id.*

On the date jury trial was to commence, both parties' counsel informed the court they had agreed to a settlement. *Id.* GTE counsel described the terms of the settlement on the record and Ms. Shaffer confirmed that she understood. *Id.* at 501–02. The district court judge entered this dismissal order:

> Counsel having reported to the court that this action has been settled, IT IS HEREBY ORDERED THAT this action is dismissed without costs and without prejudice to the right, upon good cause shown, to reinstate the action within sixty (60) days if the settlement is not consummated.

*Id.*

Ms. Shaffer later declined to sign the written settlement agreement, and GTE moved to enforce the agreement within the sixty day period of the dismissal order. *Id.* The district court granted GTE's motion, and Shaffer appealed, arguing that her attorney had not been authorized to enter into the settlement. *Id.*

On appeal, the Third Circuit *sua sponte* raised the issue of subject matter jurisdiction. The court began by discussing *Kokkonen v. Guardian Life Insurance Co. Of America*, 511 U.S. 375 (1994), a unanimous Supreme Court decision. In *Kokkonen*, the Court held that a district court has the power to enforce a settlement agreement after dismissal under only two circumstances: first, when a separate provision in the dismissal

order "retains jurisdiction" over the settlement agreement or second, when the terms of the settlement agreement are incorporated in the order so that breach of the agreement constitutes a violation of the court's order—giving the district court ancillary jurisdiction to enforce the agreement. *Id.* at 381. If neither of these exceptions is present, then the court is without jurisdiction absent an independent jurisdicitonal basis: "[e]nforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen*, 511 U.S. at 378.

Turning to the district court dismissal order at issue in *Shaffer*, the court of appeals evaluated its language to determine whether either of the two *Kokkonen* exceptions applied. The court determined that the first *Kokkonen* exception, allowing for settlement enforcement where the dismissal order expressly retains jurisdiction, did not apply to the *Shaffer* dismissal order. *Shaffer*, 284 F.3d at 503. Although the dismissal order left it open to either party "to reinstate the action within sixty days if the settlement is not consummated," the court was unpersuaded that this caveat enabled the court to retain jurisdiction. *Id.* at 503.  The court noted that "reinstatement of an action, which revives the underlying claim and sends the litigants back to the original battlefield, is totally different from the enforcement of the terms of a settlement agreement because one of the parties has not complied with those terms."

The court also considered the second *Konnoken* exception, holding that it did not apply. The "mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order." *In re Phar-Mor, Inc.*, 172 F.3d 270, 274 (1999) (quoting *Miener v. Missouri Dep't of Mental Health*, 62 F.3d 1126, 1128 (8th Cir. 1995)).

The appeals court concluded by holding that "language in a dismissal order providing for the reinstatement of an action if a settlement agreement is not consummated does not satisfy the first *Kokkonen* precondition for the enforcement of the settlement agreement itself." *Id.* at 504.

Here, the language in my April 22, 2010 order closely mirrors that issued in *Shaffer*. Under *Shaffer*, this Court has no jurisdiction over the action. Federal courts must raise issues of subject matter *sua sponte. Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir. 2002).  There appears to be no independent basis for subject matter jurisdiction over the disbursement of the settlement and administration of the trust. Thus, the plaintiffs' motion must be denied and the orders issued after the April 22, 2010 dismissal must be vacated. These matters are best addressed by the state court of original jurisdiction.

## Conclusion

The plaintiffs' motion (Doc. No. 48) will be  DENIED and all Orders issued subsequent to April 22, 2010 (Docs. No. 35, 44, 49, and 50) will be VACATED without prejudice to present these matters to the appropriate state court.

**October 27, 2010**  /s/ **A. Richard Caputo**
Date                                                      A. Richard Caputo
                                                          United States District Judge

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACQUE L. KNIGHT and JOHN N. KNIGHT, individually and as parents and natural guardians of JOHN N. KNIGHT, II, a minor, | NO. 1:08-CV-1976 |
| Plaintiffs | (JUDGE CAPUTO) |
| v. | |
| UNITED STATES, | |
| Defendants. | |

## ORDER

**NOW**, this 27th day of October, 2010, **IT IS HEREBY ORDERED** that plaintiffs' motion for disbursement of funds (Doc. No. 48) is DENIED and all orders issued in this case subsequent to April 22, 2010 (Docs. No. 35, 44, 49, 50) are VACATED without prejudice to present these matters to the appropriate state court.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge